UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM DEIKER, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

TRUEACCORD CORP.,

    Defendant.

Case No.   1:20-cv-00669

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, WILLIAM DEIKER, individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of Defendant, TRUEACCORD CORP., as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4. WILLIAM DEIKER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. TRUEACCORD CORP. ("TrueAccord") is a corporation organized under the laws of the state of Delaware.

7. TrueAccord maintains its principal place of business in San Francisco, California.

8. TrueAccord specializes in debt collection and collects debts on behalf of others nationwide.

8. TrueAccord is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of TrueAccord's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

## **FACTUAL ALLEGATIONS**

9. Plaintiff applied for and was issued a credit card by Credit One Bank, N.A. ("Credit One").

10. Over time, Plaintiff made various charges on the Credit One credit card for personal, household, or family purposes.

11. On November 18, 2018, Plaintiff defaulted on the Credit One credit card account ("subject debt").

12. On May 19, 2019, Credit One charged-off the subject debt.

13. On June 20, 2019, LVNV Funding, LLC ("LVNV") purchased the subject debt from Credit One.

14. Soon thereafter, LVNV placed the subject debt with TrueAccord for collection.

15. On June 24, 2019 and June 25, 2019, TrueAccord sent emails to Plaintiff in an attempt to collect the subject debt (collectively, "TrueAccord's emails").

16. TrueAccord's emails stated, in pertinent part:

> The remaining balance owed to LVNV Funding LLC is $1,013.63. The balance breakdown is as follows: $1,013.63 in principal (which may include interest and fees accrued prior to purchase), ***$0.00 in fees since purchase***, ***$0.00 in interest since purchase***, and ***$0.00 in administrative costs since purchase***.

17. TrueAccord's emails implied that fees and administrative costs could be assessed to the subject debt after it was charged-off.

18. Upon information and belief, the underlying agreement between Plaintiff and Credit One does not authorize the assessment of unambiguous fees and administrative costs.

19. In the alternative, TrueAccord and/or LVNV never intended to assess *any* fees or administrative costs to the subject debt.

20. By including language referring to fees and administrative costs and representing that the amount owed for each was $0.00, TrueAccord suggested that $0.00 was only the current amount owed under each category and that the amount might increase over time.

21. As a result of the language contained in TrueAccord's emails, Plaintiff was led to believe that fees and administrative costs would begin accruing if he did not promptly pay the subject debt.

22. TrueAccord deliberately designed the language contained in the emails to create a false sense of urgency and coerce Plaintiff into making a prompt payment on the subject debt to avoid the assessment of the illusory fees and administrative costs.

## CLASS ALLEGATIONS

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

24. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated (the "Putative Class"), defined as follows:

> All natural persons residing in the United States (a) to whom TrueAccord sent an email(s) to containing the identical language highlighted in Paragraph 16; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and(c) in connection with the collection of a consumer debt originated by Credit One Bank, N.A.

25. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) TrueAccord, TrueAccord's subsidiaries, parents, successors, predecessors, and any entity in which TrueAccord or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against TrueAccord have been fully and finally adjudicated and/or released.

**A. Numerosity**

26. Upon information and belief, the members of the Putative Class are so numerous that joinder is impracticable.

27. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

28. The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

29. The members of the Putative Class are identifiable in that their names, addresses, email addresses, and telephone numbers can be identified in business records maintained by TrueAccord.

### B.     Commonality and Predominance

30. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C.     Typicality

31. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of TrueAccord's conduct.

### D.     Superiority and Manageability

32. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

33. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

34. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

35. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E.     Adequate Representation

36. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

37. Plaintiff has no interests antagonistic to those of the Putative Class, and TrueAccord has no defenses unique to Plaintiff.

38. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

39. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

41. TrueAccord's emails are each a "communication" as defined by 15 U.S.C. § 1692a(2) because they conveyed information regarding the subject deb to Plaintiff directly.

    **a. Violations of 15 U.S.C. § 1692e**

42. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

43. Section 1692e(2) of the FDCPA prohibits a debt collector from making false representations regarding the character, amount, or legal status of the debt. 15 U.S.C. § 1692e(2).

44. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot be legally taken or that is not intended to be taken.15 U.S.C. § 1692e(5).

45. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

46. TrueAccord's emails violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by falsely implying that Plaintiff can be charged fees and administrative costs after the subject debt was charged-off, when in reality fees and administrative costs could not be legally or contractually assessed.

47. TrueAccord's emails violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by implicitly threatening to assess fees and administrative costs after the subject debt was charged-off, when in reality TrueAccord and/or LVNV never intended to assess fees and administrative costs.

    **b.**    **Violations of 15 U.S.C. §1692f**

48. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

49. TrueAccord violated 15 U.S.C. §1692f by using unfair or unconscionable means in its attempts to collect the subject debt.

50. Specifically, it was inherently unfair and unconscionable for TrueAccord to use language in its emails that is designed to create a false sense of urgency where no urgency exists as TrueAccord and/or LVNV (1) could not legally or contractually assess fees and administrative charges and/or (2) did not intend to assess fees and administrative charges.

51. As set forth above, Plaintiff was harmed by TrueAccord's deceptive conduct.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

    A.    an order granting certification of the proposed class, including the designation of Plaintiff as the named representative and the appointment of the undersigned as Class Counsel;

    B.    a finding that Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), e(10), and f;

C. an order enjoining Defendant from further violations of 15 U.S.C. §§ 1692e, e(2), e(5), e(10), and f;

D. an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violations;

E. an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

F. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

G. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H. an award of such other relief as this Court deems just and proper.

**Plaintiff demands a trial by jury.**

Dated: January 29, 2020                                   Respectfully Submitted,

/s/ *Mohammed O. Badwan*

/s/ *Joseph S. Davidson*

Mohammed O. Badwan, Esq.
Joseph S. Davidson, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
Lombard, IL 60148
Phone (630) 575-8180
Fax: (630) 575- 8188
mbadwan@sulaimanlaw.com