UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM DEIKER, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | No. 1:20-CV-00669 |
| v. ) ) ) | Judge Edmond E. Chang |
| TRUEACCORD CORP., ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

William Deiker has brought a proposed class action suit against TrueAccord Corporation alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. R. 1, Compl.[1] Deiker alleges that TrueAccord sent him emails containing false and misleading statements in violation of 15 U.S.C. § 1692e. *Id.* ¶¶ 46–47. Deiker also alleges that the emails amount to "unfair and unconscionable means" to collect a debt in violation of 15 U.S.C. § 1692f. *Id.* ¶¶ 49–50. Pending now is TrueAccord's motion for judgment on the pleadings, Fed. R. Civ. P. 12(c), in which the defense argues that the emails did not, as a matter of law, violated the FDCPA. R. 36, Mot. J. Pleadings. But before evaluating whether the emails may form the basis of valid claims under Sections 1692e and 1692f, the Court must address a substantial question on Article III standing given recent Seventh Circuit case law.

---

[1]Citations to the record are noted as "R." followed by the docket number and the page or paragraph number if applicable.

Because the Court has an independent obligation to address Article III standing, and because it is a threshold issue, the motion for judgment on the pleadings is terminated without prejudice for now. Instead, the Court explains why the current allegations almost surely are insufficient to assert Article III standing. Before dismissing this suit for lack of subject matter jurisdiction, however, the Court will allow the parties to file position papers addressing whether Deiker has established an injury-in-fact in his pleadings and has standing to bring this suit.

## I. Background

In 2018, William Deiker defaulted on a credit card issued to him by Credit One Bank, N.A. Compl. ¶¶ 9, 11. In 2019, Credit One sold Deiker's debt to LVNV Funding, LLC. *Id.* ¶¶ 12–13. LVNV then placed the debt with TrueAccord for collection. *Id.* ¶ 14. During TrueAccord's collection efforts in 2019, TrueAccord sent Deiker emails that included the following paragraph:

> The remaining balance owed to LVNV Funding LLC is $1,013.63. The balance breakdown is as follows: $1,013.63 in principal (which may include interest and fees accrued prior to purchase), ***$0.00 in fees since purchase, $0.00 in interest since purchase, and $0.00 in administrative costs since purchase.***

*Id.* ¶ 16 (emphasis in original). Deiker filed a proposed class-action lawsuit against TrueAccord alleging that the text of the email violated Sections 1692e and 1692f of the FDCPA. *Id.* ¶¶ 46–47, 49–50. First, Deiker alleges this paragraph is false and misleading because it implies—by listing fees and administrative costs as categories—that TrueAccord can charge Deiker fees and administrative costs when in reality those charges cannot "be legally or contractually assessed." *Id.* ¶¶ 46–47. Second, Deiker alleges that the language created a "false sense of urgency" for Deiker to repay

2

the debt lest he incur fees and administrative costs, thus amounting to "unfair and unconscionable means" of collecting debt. *Id.* ¶¶ 49–50.

TrueAccord now moves for judgment on the pleadings, arguing that the emails do not violate Sections 1692e and 1692f of the FDCPA because they are neither misleading nor unconscionable. Mot. J. Pleadings at 4. As forecast in the introduction, however, the threshold issue is Article III standing.

## II. Legal Standard

"Subject-matter jurisdiction is the first issue in any case." *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019). The plaintiff bears the burden of establishing subject matter jurisdiction, which includes Article III's requirement of standing. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). To satisfy Article III's standing requirement at the pleading stage, a plaintiff must allege facts that plausibly suggest that the plaintiff suffered an injury-in-fact that is fairly traceable to the conduct of the defendant and can be redressed by a favorable decision. *Larkin v. Finance Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1064 (7th Cir. 2020) (citing *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016)); *Bazile v. Finance Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). An injury-in-fact must be both concrete *and* particularized. *Spokeo*, 136 S.Ct at 1548. A "bare procedural violation, divorced from any concrete harm" does not satisfy the injury-in-fact requirement

3

of standing. *Casillas v. Madison Avenue Associates, Inc.,* 926 F.3d 329, 332 (7th Cir. 2019) (cleaned up).[2]

### III. Analysis

### A. Confusion is Inadequate as Injury-in-Fact

The parties do not address whether Deiker has sufficiently alleged Article III standing. But "standing is jurisdictional and cannot be waived." *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020). And recent Seventh Circuit case law calls into grave doubt whether the Complaint adequately alleges standing. It appears that the sole injury that Deiker alleges in his pleadings is that TrueAccord's emails led him "to believe that fees and administrative costs would begin accruing if he did not promptly pay the subject debt." Compl. ¶ 21. The problem with this allegation is that, given recent Seventh Circuit case law, the allegation does not link Deiker's beliefs and confusion to the type of *concrete* injury needed for an injury-in-fact.

In *Markakos v. Medicredit, Inc.*, a debt collector sent the debtor a letter misrepresenting the amount of the debt that was owed. 997 F.3d 778, 779 (7th Cir. 2021). The debtor alleged that this letter "confused and aggravated" her and violated Section 1692g of the FDCPA, which requires debt collectors to notify debtors of their debt amounts. *Id.* at 780–81. The Seventh Circuit held that the plaintiff did not sufficiently allege Article III standing because "grievances are not injuries in fact in this context" and a "state of confusion is not itself an injury." *Id.* at 781 (cleaned up); *see also*

---

[2]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

*Larkin,* 982 F.3d at 1066 (emphasis added) (holding that injury-in-fact requires the plaintiff to allege that they were "confused or misled *to their detriment* … or otherwise relied *to their detriment* on the contents of the letters") (emphases added). *Markakos* also explained that, in order to establish standing, the plaintiff would have needed to allege that the FDCPA violation led to a concrete injury, such as "pay[ing] extra money, affect[ing] a plaintiff's credit, or otherwise alter[ing] a plaintiff's response to a debt." *Id.* at 780. Similarly, in *Gunn v. Thrasher, Buschmann & Voelkel, P.C.,* the plaintiffs alleged that a collection letter issued by a law firm was false and misleading because the law firm "would have found it too costly to pursue foreclosure to collect a $2,000 debt." 982 F.3d 1069, 1070 (7th Cir. 2020). The Seventh Circuit held that the plaintiffs did not establish Article III standing because they only asserted that they were "annoyed or intimidated by the letter," and alleged no concrete harm. *Id.* at 1071–72.

Like the plaintiffs in *Markakos* and *Gunn*, Deiker only alleges that he "believe[d]" fees and costs would accrue if he did not pay his debt promptly. Compl. ¶ 21. The Complaint is devoid of any allegation that Deiker actually *did* anything different in response to the emails, such as made a payment sooner than he otherwise would have had he not received the emails. Rather, Deiker only alleges that the emails created a feeling of confusion and intimidation, which does not amount to a concrete injury in FDCPA actions. *See Markakos*, 997 F.3d at 781; *Gunn*, 982 F.3d at 1071; *see also Nettles*, 983 F.3d at 900 (holding that a plaintiff who becomes annoyed does not "establish injury for standing purposes"). Because Deiker does not allege a concrete

5

harm particular to him in his pleadings, there is serious doubt that the current Complaint sufficiently alleges Article III standing.

Having said that, the Court will allow the parties to file position papers addressing whether Deiker's current allegations sufficiently allege an injury-in-fact before. If the position papers reveal that the current Complaint is sufficient in establishing standing (which would be surprising), then TrueAccord may refile its motion for judgment on the pleadings. But if the position papers fail to demonstrate that Deiker has standing to sue (or the parties concede it), then Deiker can ask for leave to amend the complaint. The position papers are due by October 18, 2021.

### B. Guidance on Injury-in-Fact

The Court offers two preliminary thoughts on what allegations might be sufficient to assert Article III standing in the wake of recent Seventh Circuit precedent addressing standing in FDCPA suits.

*Consulting an Attorney*. Consulting with an attorney in response to a debt collection notice does not in *itself* establish Article III standing. *See Nettles*, 983 F.3d at 900. In *Nettles*, the plaintiff alleged that a debt collector violated Sections 1692e and 1692f of the FDCPA after receiving a collection letter that misrepresented her total debt owed. *Id.* at 898. But the only harm that the plaintiff alleged was "becoming annoyed and consulting a lawyer." *Id.* at 900. The Seventh Circuit held that these allegations—including consulting the lawyer—were insufficient to meet the injury-in-fact requirement of Article III standing. *Id.*; *see also Brunett v. Convergent Outsourcing, Inc.,* 982 F.3d 1067, 1068–69 (7th Cir. 2020) (holding that a plaintiff who

6

alleged a debt collector's letter confused and intimidated her did not establish standing because the plaintiff failed to "tie" her feelings to a concrete injury—even though she hired an attorney). Thus, even if a debt-collector communication violates the FDCPA in some way, consulting an attorney does not in and of itself establish an injury-in-fact without further allegations of concrete harm. The Seventh Circuit has reasoned that if consulting an attorney were enough, then every represented plaintiff by definition would have standing to sue, which cannot be right. *See Brunett*, 982 F.3d at 1069 ("Many people think that an advisory opinion will set their minds at ease, but hiring a lawyer in quest of a judicial answer does not permit a federal court, operating under Article III, to give that answer"). Suffering a "state of confusion is not itself an injury" and "[a] desire to obtain legal advice is not a reason for universal standing." *Brunett*, 982 F.3d at 1068–69.

It might make a difference, however, if a plaintiff is *reasonably confused* by an *actually false statement* and *pays a lawyer* to address that statement.[3] In this

---

[3]The Seventh Circuit has not explicitly commented on whether *paying* a lawyer to address an actually false and misleading letter that confused a debtor can establish Article III standing. In *Brunett*, the Seventh Circuit explained that the plaintiff's "confusion led her to *hire* a lawyer does not change the evaluation [of Article III standing]." 982 F.3d at 1069 (emphasis added). Similarly, in *Nettles*, the Seventh Circuit held that "becoming annoyed and *consulting* a lawyer" does not establish Article III standing. 983 F.3d at 900 (emphasis added). But it is not clear, however, that the plaintiffs in *Brunett* or *Nettles* actually *paid* their attorneys, as distinct from hiring the lawyer on a contingency-fee basis. The opinions do not mention the payment of attorney's fees. Nor does a review of the oral arguments of these cases reveal an assertion of actual payment of fees. *See* Oral Argument, *Brunett*, 982 F.3d 1067 (7th Cir. 2020) (No. 19-3256), http://media.ca7. uscourts.gov/sound/2020/cm.19-3256.19-3256_09_16_2020.mp3; Oral Argument, *Nettles*, 983 F.3d 896 (2020) (No. 19-3327), http://media.ca7.uscourts.gov/sound/2020/mn.19-3327.19-3327_06_04 _2020.mp3.

7

scenario, a plaintiff might very well have suffered a *concrete* harm caused by a violation of the FDCPA and thus satisfy the injury-in-fact requirement of Article III standing. Consider, for example, a letter that *falsely* states that if a debtor does not pay the debt by a certain deadline, the debt collector will file a complaint with the local police and ask them to seek an arrest warrant. If the debtor is *reasonably misled* by this letter and *pays* $500 to a criminal defense attorney to address the situation, arguably the debtor suffered a concrete and particularized harm that satisfies the injury-in-fact requirement of Article III standing. That type of retention of a lawyer, coupled with payment of a fee, is arguably different from hiring a lawyer on a contingency-fee basis to bring an FDCPA lawsuit. (Here, Deiker does not allege that he paid a lawyer to address his confusion. Compl. ¶¶ 18–19, 21–22.)

*"Appreciable Risk of Harm."* To meet the injury-in-fact requirement of Article III standing, a statutory violation need not tangibly harm a plaintiff; a plaintiff can successfully assert Article III standing if a statutory violation "presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect." *Casillas,* 926 F.3d at 333 (cleaned up). In *Evans v. Portfolio Recovery Associates, LLC,* the plaintiffs alleged that a debt collector violated Section 1692e of the FDCPA by failing to notify credit-reporting agencies that the plaintiffs disputed their debts. 889 F.3d 337, 343 (7th Cir. 2018). The Seventh Circuit held that the plaintiffs sufficiently alleged an injury-in-fact because the plaintiffs suffered a "real risk of financial harm caused by an inaccurate credit rating." *Id.* at 345 (cleaned up). In contrast, in *Larkin,* the plaintiffs received collection letters that they alleged were in violation of

8

Sections 1692e and 1692f of the FDCPA. 982 F.3d at 1062. The Seventh Circuit held that because the plaintiffs' complaints did not contain "*any* allegation of harm … or even an appreciable risk of harm," the plaintiffs lacked standing to sue. *Id*. at 1066–67 (emphasis in original). *Larkin* set out examples of allegations that the plaintiffs could have advanced to satisfy Article III standing, such as alleging that the debt collector's communication created an appreciable risk that the plaintiffs would pay debts they did not owe. *Id*. at 1066. It is clear from *Larkin* and *Evans* that to satisfy the injury-in-fact requirement of Article III standing, an appreciable risk of *harm* must be alleged rather than an appreciable risk of *confusion*. Again, here, Deiker does not allege that he suffered an appreciable risk of *harm*, such as the possibility that a credit-reporting agency might act against him.

### IV. Conclusion

The parties shall file position papers addressing whether Deiker has established an injury-in-fact under Article III standing. If the position papers reveal that the current Complaint is sufficient in establishing standing (which would be surprising), then TrueAccord may refile its motion for judgment on the pleadings. The motion is terminated without prejudice. But if the position papers fail to demonstrate that Deiker has standing to sue (or the parties concede it), then Deiker can ask for leave to amend the complaint. The position papers are due by October 18, 2021.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 30, 2021